[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
The action before the court is a petition for modification of custody and visitation. The motion is the result of an incident where the minor child Alysha Clemmey was assaulted sexually by one Paul Vancelette while visiting with her mother Joyce Clemmey. CT Page 11042
Alysha is presently in the custody of the defendant Michael Clemmey and the minor child Clarissa Clemmey is in the custody of the plaintiff Joyce Clemmey. The motion is directed to the court requesting that custody of the minor child Clarissa be modified and that Clarissa be placed in the custody of her father Michael Clemmey. Essentially, the defendant Michael Clemmey maintains that custody of the minor child Clarissa be given to him due to a serious and substantial lapse of judgment on the part of Joyce Clemmey for failing to report to authorities an event of assault of Alysha by her, the mother's, boyfriend Paul Vancelette.
After hearing, the court concludes the following: There was, after entry of judgment in this dissolution case, an event involving a sexual assault of two children. One of the children was Alysha Clemmey. The responsible party one Paul Vancelette was convicted and incarcerated as a consequence of the conviction. The mother of Alysha, Joyce Clemmey, when told by her daughter of the event, failed to follow up to determine what happened and then failed to report the incident to authorities.
The court finds that this failure to act is a serious breach of parental responsibility. The court however must take into account the fact that the child Clarissa is not the victim of assault and has very strong attachments to her mother. Accordingly, the court must take into account the recommendations of both the family relations report and the recommendations of the guardian ad litem and the attorney for the minor children.
Therefore, in the best interests of both children Alysha and Clarissa, the court continues the matter for a period of one year to determine if a change in custody is appropriate in light of mother's failure to properly respond and sets the matter for a supplementary hearing in July 2000. The court will continue jurisdiction for that purpose. In the interim the following is ordered:
1. The minor child Clarissa shall remain in the physical custody of the plaintiff.
2. The minor child Alysha shall remain in the physical custody of the defendant.
3. The parties shall alternate weekend access from Friday evening to Sunday evening so that both minor children will be with defendant one weekend and with plaintiff the following CT Page 11043 weekend and shall alternate thereafter.
4. The parents shall immediately make arrangements for both minor children to receive counseling.
a. The counseling shall be for a minimum of six months;
 b. The counselor will be impartial for the benefit of the minor children, and therefore, the parties agree that said counselor will not be subpoenaed as a witness in any action against the parties;
 c. The plaintiff shall provide the guardian ad litem and the attorney for the minor children with her medical insurance booklet so that the guardian ad litem and attorney for the minor children can facilitate in setting up counseling in the Woodstock area for the children;
 d. The parties agree that neither parent will meet with the counselor or interfere in the childrens' counseling sessions.
5. Both parties shall participate in the parenting education classes or equivalent classes or programs in Massachusetts.
6. The parties shall not discuss or allow anyone else in their presence to discuss the court proceedings or disparage each other to the children or in the childrens' presence.
7. The parties shall not question the children regarding their counseling sessions or discuss any aspect of any assault allegations.
8. The plaintiff shall not allow the children to have any contact or be in the presence of Paul Vancelette.
9. The defendant and Clarissa shall attend joint counseling for purposes of improving their communication and relationship. The parties shall sign releases so that the counselors can communicate with and give written information to family services, the childrens' attorney, and the childrens' guardian ad litem.
10. The plaintiff and Alysha shall attend joint counseling for purposes of improving their communication and relationship. The parties shall sign releases so that the counselors can CT Page 11044 communicate with and give written information to family services, the childrens' attorney, and the childrens' guardian ad litem.
11. Family services, the attorney for the children, and the childrens' guardian ad litem shall review the matter of custody and access in six months.
Any failure of the plaintiff to comply with direction of Section 8 hereof is to be reported to the court immediately.
So ordered
Kocay, J.